## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THE UNITED STATES OF AMERICA      *

     V.      *     CRIMINAL NO.: RDB-13-530

ERIC EVANS, et al.      *

     Defendant      *

*******************************************************************************

## MOTION FOR DISCLOSURE OF STATEMENTS
## OF CO-DEFENDANTS AND CO-CONSPIRATORS
## INTENDED TO BE USED
## PURSUANT TO FED. R. EVID. 801 (d)(2)(E)

Now comes the Defendant, ERIC EVANS, by and through David R. Solomon, Esquire, his court-appointed counsel pursuant to the CJA, and hereby moves this Court to compel the prosecution to identify, disclose and produce to Mr. Evans the statements of any Co-Defendant(s) or co-conspirator(s) that the prosecution intends to offer against Mr. Evans or any Co-Defendant(s) under Fed. R. Evid. 801 (d)(2)(E), and further to provide notice of the evidentiary basis upon which it will seek to introduce such statements, including, but not limited to:

1) Relevant written or recorded statements made by any Co-Defendant(s), or any person arguably characterizable as a "co-conspirator," whether or not actually indicted, that are in the Government's possession, custody, or control, or that through due diligence may become known to the Government; and,

2) The substance of any oral statement that the Government intends to offer in evidence

at the trial of this matter made by any Co-Defendant(s) or "co-conspirator," indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government or law enforcement agent.

## Lack of a demonstrated basis for admission

It seems at least possible from the materials provided thus far in discovery, that the prosecution will seek to introduce statements of one or more of the Co-Defendants and/or co-conspirators, through the testimony of co-conspirators, informants or government agents, which will implicate non-testifying co-conspirators and, in particular, this Defendant.

The evidentiary basis upon which the prosecution will seek to admit these statements is significant. For instance, an admission by one Co-Defendant which implicates Mr. Evans may not be within the scope of or in furtherance of the alleged conspiracy, having been made simply as a casual aside during conversation which had nothing to do with the conspiracy charged in the Indictment. This is all the more the case when the defendants bear a close personal relationship. Such a statement may be admissible pursuant to Fed. R. Evid. 801 (d)(2)(A), but not pursuant to Fed. R. Evid. 801 (d)(2)(E). An attempted to introduce, pursuant to Fed. R. Evid. 801 (d)(2)(A), such an admission or confession or other statement by one defendant that inculpates this Defendant would be inadmissible against him, pursuant to *Bruton v. United States*, 391 U.S. 123 (1968).

On the other hand, statements that are not admissions or confessions which the prosecution may seek to introduce pursuant to Fed. R. Evid. 801 (d)(2)(E) require their own factual predicate prior to admission, and the Government bears the burden of demonstrating such admissibility. *United States v. Gjerde*, 110 F.3d 595, 602-03 (8th Cir. 1997). Not all statements made within the time period of an alleged conspiracy by an alleged co-conspirator, which may

make mention of facts or observations ostensibly related to the conspiracy are in furtherance of or within the sceep of the conspiracy. *United States v. Mitchell*, 31 F.3d 628 631-33 (8th Cir. 1997). *United States v. Urbanik*, 801 F.2d 692, 698 (4th Cir. 1968); *accord United States v. Heater*, 63 F.3d 311, 324-25 (4th Cir. 1995).

Requiring the Government to put the Defendants on notice as to the basis of admissibility of any such statements will prevent the necessity for hearings during trial on such issues, will permit the Court to make preliminary determinations pursuant to Fed. R. Evid. 104(a), as mandated by *United States v. Bourjaily*, 483 U.S. 171, 176-76 (1987).

**WHEREFORE**, for the foregoing reasons, Defendant, Eric Evans, respectfully requests this Honorable Court to require the prosecution to disclose and produce to defense counsel the statements of any Co-Defendant(s) or "co-conspirator(s)" that the prosecution intends to offer against Mr. Evans or any Co-Defendant(s), and further to provide notice of the evidentiary basis upon which it will seek to introduce such statements.

Respectfully submitted,

DAVID R. SOLOMON, ESQ.
201 N. Charles Street, Suite 1717
Baltimore, Maryland 21021
Phone No.: 410-244-8822
Fax No.   : 410-625-1028
drsolomonlaw@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this *15* day of April, 2014, a copy of the foregoing was electronically served upon Ayn B. Ducao, Assistant United States Attorney for the District of Maryland.

DAVID R. SOLOMON, ESQ.